WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claude Ranger, III, | No. CV-19-00520-TUC-RM |
| Petitioner, | **ORDER** |
| v. | |
| Joe Profiri, et al., | |
| Respondents. | |

On August 5, 2021, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") (Doc. 40) recommending that this Court deny Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner filed a timely Objection (Doc. 41) to the R&R, and Respondents replied (Doc. 42). The Objection will be overruled, and the R&R adopted in full.

**I.  Standard of Review**

A district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's proposed findings and recommendations. 28 U.S.C. § 636(b)(1). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made").

The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

A proper objection requires "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). Where an objection does not focus on any specific issues for the district court's review, the "initial reference to the magistrate [judge is] useless." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Accordingly, a general objection to the entirety of an R&R is ineffective and 'has the same effect as would a failure to object.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC(SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citing *Howard*, 932 F.2d at 509); *see also Haley v. Stewart*, No. CV-02-1087-PHX-DGC(CRP), 2006 WL 1980649, at *2 (D. Ariz. July 11, 2006).

De novo review is also unwarranted when objections raised "are repetitive of the arguments already made to the magistrate judge." *Vega-Feliciano v. Doctors' Ctr. Hosp., Inc.*, 100 F. Supp. 3d 113, 116 (D.P.R. 2015) (internal citation omitted); *see also Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R&R.")).

. . . .

. . . .

## II. Background

On November 4, 2015, a Pima County jury found Petitioner guilty of aggravated assault—serious physical injury and sexual assault. (*See* Doc. 40 at 3; Doc. 17-1 at 9.) On December 14, 2015, Petitioner was sentenced to 25 years imprisonment for aggravated assault, and life with the possibility of parole after 25 years for the sexual assault. (Doc. 40 at 3; Doc. 17-1 at 12-14.) The convictions stemmed from the beating and rape of a 93-year-old woman who resided at the Villa Maria nursing home in Tucson, Arizona on April 28, 1993. (Doc. 40 at 3; Doc. 17-1 at 185-86.) Although the police were unable to locate a suspect at the time of the crime, with later advancements in DNA technology, police matched evidence from the crime scene with Petitioner's DNA. (Doc. 40 at 3-4; Doc. 17-1 at 186.) The details of Petitioner's state trial and PCR proceedings are set forth in the R&R and adopted herein. (*See* Doc. 40 at 3-11.)

On October 16, 2019 Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, stating four grounds for relief. (Doc. 1.) Respondents filed an Answer to the Petition (Doc. 17) and Petitioner filed a Reply (Doc. 24). Thereafter, Petitioner filed a Supplement to the Petition alleging four additional grounds for relief (Doc. 27.) Respondents filed an Amended Answer (Doc. 28), and Petitioner filed a Reply (Docs. 33, 35, 36.)

Magistrate Judge Markovich's R&R finds that Petitioner's claims are unexhausted and procedurally defaulted, and that Petitioner has failed to show cause and prejudice or a fundamental miscarriage of justice to excuse the default, and therefore recommends that the District Court deny the Petition. (Doc. 40.)

## III. Applicable Law

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted "with respect to any claim that was adjudicated on the merits" in state court unless the prior adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Federal habeas claims are subject to the "exhaustion rule," which requires that the factual and legal basis of a claim be presented first to the state court. 28 U.S.C. § 2254(b)(1)(A); *Weaver v. Thompson*, 197 F.3d 359, 363-64 (9th Cir. 1999). If the petitioner is in custody as a result of a judgment imposed by the State of Arizona, and the case does not involve a life sentence or the death penalty, he must fairly present his claims to the Arizona Court of Appeals in order to satisfy the exhaustion requirement. *See Castillo v. McFadden*, 399 F.3d 993, 998 n.3 (9th Cir. 2005); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). In order to properly exhaust a claim for purposes of federal habeas review, the petitioner must identify the federal nature of the claim to the state court by citing federal law or precedent. *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *as amended by* 247 F.3d 904.

A claim is exhausted but procedurally defaulted if it was presented in state court but the state court rejected it based on an independent and adequate state procedural bar. *Bennett v. Mueller*, 322 F.3d 573, 583 (9th Cir. 2003); *Franklin v. Johnson*, 290 F.3d 1223, 1230–31 (9th Cir. 2002). A claim is also technically exhausted but implicitly procedurally defaulted if the petitioner failed to raise it in state court and a return to state court to exhaust it would be futile considering state procedural rules. *Franklin*, 290 F.3d at 1230–31; *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (finding claims procedurally defaulted because habeas petitioner was time-barred from presenting his claims in state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (noting that claims are barred from habeas review when not first raised before state courts and those courts "would now find the claims procedurally barred").

A federal habeas court may not review a procedurally defaulted claim unless "the

prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 750. To establish "cause," a petitioner must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." *Id.* at 753. To establish "prejudice," a petitioner must demonstrate actual, not possible, harm resulting from the alleged violation. *Murray v. Carrier*, 477 U.S. 478, 494 (1986); *see also United States v. Frady*, 456 U.S. 152, 170 (1982) (to show prejudice, a petitioner must demonstrate that the alleged constitutional violation worked to the prisoner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.") A "fundamental miscarriage of justice" occurs when a petitioner "show[s] that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

## IV. Discussion

Petitioner's Objection argues first that his conviction was not supported by sufficient evidence because (1) the State did not present proof or evidence of penetration, as required by the sexual assault statute under which Petitioner was sentenced and (2) the State failed to meet its burden of proving the elements of the statute beyond a reasonable doubt. (Doc. 41 at 1-3.) Next, he argues that his trial counsel's assistance was ineffective because his trial counsel failed to challenge the sufficiency of the evidence put forth by the State. (*Id.* at 2-3.) Lastly, Petitioner objects to his sentence, asserting that (1) a statute of limitations should have barred the charges against him; (2) his sentences should run concurrently and not consecutively; and (3) his life sentence for a single sexual assault violates the Eighth Amendment. (*Id.* at 4.)

In reply, Respondents contend that Petitioner's objections simply restate the merits of his claims and that, because Petitioner does not raise any specific objections to any of the R&R's findings or conclusions, this Court need not conduct a de novo review of the R&R based on the Objection. (Doc. 42.)

Petitioner's Objection does not identify any specific findings, conclusions, or recommendations set forth in the R&R to which he objects. In fact, the Objection makes no reference to the R&R or its findings whatsoever. Rather, the Objection simply repeats several of the claims raised in the Petition, without addressing the R&R's findings that Petitioner's claims are unexhausted and procedurally defaulted. Because Petitioner has failed to make any specific objections to the findings and recommendations of the R&R, de novo review is unwarranted. *See Warling*, 2013 WL 5276367 at *2; *Vega-Feliciano*, 100 F. Supp. 3d at 116.

The Court has reviewed the R&R, the parties' briefs, and the record for clear error and has found none. *See Johnson*, 170 F.3d at 739.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 40) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Petitioner's Objection (Doc. 41) is **overruled**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied**. The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 14th day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge